**J.D. MEREDITH and Ermil Meredith, His Wife, Plaintiffs,**

v.

**FEDERAL LAND BANK OF ST. LOUIS, Defendant.**

No. J–C–88–134.

United States District Court, E.D. Arkansas, Jonesboro Division.

July 29, 1988.

Jim Lyons, Lyons & Emerson, Jonesboro, Ark., for plaintiffs.

Richard D. Taylor, Friday, Eldredge & Clark, Little Rock, Ark., for defendant.

## MEMORANDUM AND ORDER

HENRY WOODS, District Judge.

The defendant, Federal Land Bank of St. Louis (FLB), has moved to dismiss the complaint filed against it by the plaintiffs, J.D. Meredith and Ermil Meredith (Merediths). For the reasons that follow the motion is granted.

### BACKGROUND

The Merediths formerly owned a 1,529 acre tract of farmland located in Randolph County, Arkansas. The subject property was foreclosed on by the FLB in 1983 and conveyed by commissioner's deed to the FLB in 1984. It is alleged by the Merediths that between February 27, 1984 and May 20, 1988 the FLB attempted to sell the property at varying prices, the lowest of which was $250,000.00. They also allege that in April, 1987 the FLB sent to them a "notice of right of first refusal" to purchase the property, but that the FLB rejected their timely offer to purchase for $269,140.00. The notice stated that the FLB appraisal established the fair market value of the property at $380,000.00.

In this suit the Merediths contend that the FLB's rejection of their offer violated the provisions of the Agricultural Credit Act of 1987, Pub.Law 100–233, 12 U.S.C. § 2219a (the Act).[1] Additionally, the Mere-

---

1. 12 U.S.C. § 2219a provides that:
   (a) General rule

Agricultural real estate that is acquired by an institution of the System as a result of a

loan foreclosure or a voluntary conveyance by a borrower (hereinafter in this section referred to as the "previous owner") who, as determined by the institution, does not have the financial resources to avoid foreclosure (hereinafter in this section referred to as "acquired real estate") shall be subject to the right of first refusal of the previous owner to repurchase or lease the property, as provided in the section.

(b) Application of right of first refusal to sale of property

(1) Election to sell and notification

Within 15 days after an institution of the System first elects to sell acquired real estate, or any portion of such real estate, the institution shall notify the previous owner by certified mail of the owner's right—

(A) to purchase the property at the appraised fair market value of the property, as established by an accredited appraiser, or

(B) to offer to purchase the property at a price less than the appraised value.

(2) Eligibility to purchase

To be eligible to purchase the property under paragraph (1), the previous owner must, within 15 days after receiving the notice required by such paragraph, submit an offer to purchase the property.

(3) Mandatory sale

An institution of the System receiving an offer from the previous owner to purchase the property at the appraised value shall, within 30 days after the receipt of such offer, accept such offer and sell the property to the previous owner.

(4) Permissive sale

An institution of the System receiving an offer from the previous owner to purchase the property at a price less. than the appraised value may accept such offer and sell the property to the previous owner. Notice shall be provided to the previous owner of the acceptance or rejection of such offer within 15 days after the receipt of such offer.

(5) Rejection of offer · of previous owner

(A) Duties of institution

An institution of the System that rejects an offer from the previous owner to purchase the property at a price less than the appraised value may not sell the property to any other person—

(i) at a price equal to, or less than, that offered by the previous owner, or

(ii) on different terms and conditions than those that were extended to the previous owner, without first affording the previous owner an opportunity to purchase property at such price or under such terms and conditions.

(B) Notice

Notice of the opportunity in subparagraph (A) shall be provided to the previous owner by certified mail, and the previous owner shall have 15 days in which to submit an offer to purchase the property at such price or under such terms and conditions.

(c) Application of right of first refusal to leasing of property

(1) Election to lease and notification

Within 15 days after an institution of the System first elects to lease acquired real estate, or any portion of such real estate, the institution shall notify the previous owner by certified mail of the owner's right—

(A) to lease the property at a rate equivalent to the appraised rental value of the property, as established by an accredited appraiser, or

(B) to offer to lease the property at a rate that is less than the appraised rental value of the property.

(2) Eligibility of lease

To be eligible to lease the property under paragraph (1) the previous owner must, within 15 days after receiving the notice required by such paragraph, submit an offer to lease the property.

(3) Mandatory lease

An institution of the System receiving an offer from the previous owner to lease the property at a rate equivalent to the appraised rental value of the property shall, within 15 days after the receipt of such offer, accept such offer and lease the property to the previous owner unless the institution determines that the previous owner—

(A) does not have the resources available to conduct a successful farm or ranching operation, or

(B) cannot meet all of the payments, terms, and conditions of such lease.

(4) Permissive lease

An institution of the System receiving an offer from the previous owner to lease the property at a rate that is less than the appraised rental value of the property may accept such offer and lease the property to the previous owner.

(5) Notice to previous owner

An institution of the System receiving an offer from the previous owner to lease the property at a rate less than the appraised rental value of the property shall notify the previous owner of its acceptance or rejection of the offer within 15 days after the receipt of such offer.

(6) Rejection of offer of previous owner

(A) Duties of institution

An institution of the System rejecting an offer from the previous owner to lease the property at a rate less than the appraised rental value of the property may not lease the property to any other person—

(i) at a rate equal to or less than that offered by the previous owner, or

(ii) on different terms and conditions than those that were extended to the previous owner, without first affording the previous owner an opportunity to lease the property at such rate or under such terms and conditions.

(B) Notice

Notice of the opportunity described in subparagraph (A) shall be given to the previous owner by certified mail, and the previous

diths claim that the FLB also violated the Act by failing to give them a right of first refusal to lease the property and that the FLB is liable for any damages caused by allowing the property to be removed from eligibility for certain federal farm programs. In its motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the FLB argues that the facts alleged in the complaint fail to state a claim under the Agricultural Credit Act and that it had no duty to keep the property eligible for federal farm programs.

## DISCUSSION

The first issue the court must decide is whether the facts alleged in counts I and II of the complaint state a claim for relief under 12 U.S.C. § 2219a(b) and (d)(3).[2] The question is one of statutory interpretation and, for the purposes of this motion, the facts alleged in the complaint are taken as true. Section 2219a(b) provides that agricultural real estate acquired by the FLB as the result of foreclosure shall be subject to "The right of first refusal of the previous owner to repurchase or lease the property, as provided in this section." That section makes sale to the previous owner mandatory if a timely offer to purchase for the appraised value is made, and within the FLB's discretion if an offer that is less than the appraised value is made. 12 U.S.C. § 2219a(b)(3), (b)(4). But if the FLB rejects an offer for less than market value from the previous owner, it is prohibited from selling to any other person at a price equal to or less than the rejected offer, or upon terms and conditions different from the rejected offer, unless it first affords the previous owner an opportunity to purchase at the lower price or subject to the differing terms and conditions. 12 U.S.C. § 2219a(c)(6).

■ In this case it is undisputed that the Merediths, after receiving the required notice of right of first refusal, made a less than market value offer which was rejected by the FLB. But the complaint fails to allege that the property was sold to third persons for a price equal to or less than that offered by the Merediths, or upon terms and conditions different from those offered the Merediths. Instead, the Merediths rely only on 12 U.S.C. § 2219a(d) which prohibits the FLB from discriminating against the previous owner in a sale by "public offering."

■ Their argument is that they were discriminated against because the FLB had previously offered the property to third parties at a price less than that offered by the Merediths. It is plainly seen, however, that the Merediths' reliance on this provision is misplaced. Subsection (d) is captioned "Public offerings" and prohibits discrimination against previous owners only when the FLB elects to sell through *"public auction, competitive bidding process, or other similar public offering."* (emphasis added). 12 U.S.C. § 2219a(d)(1), (d)(3). The language of subsection (d) expressly limits its application to public sales in which bids are solicited, but the complaint fails to allege any such competitive bidding. *See also* 12 U.S.C. § 2219a(d)(2) (priority where two or more "qualified

owner shall have 15 days after the receipt of such notice in which to agree to lease the property at such rate or under such terms and conditions.
(d) Public offerings
(1) Notification of previous owner
If an institution of the System elects to sell or lease acquired property or a portion thereof through a public auction, competitive bidding process, or other similar public offering, the institution shall notify the previous owner, by certified mail, of the availability of the property. Such notice shall contain the minimum amount, if any, required to qualify a bid as acceptable to the institution and any terms and conditions to which such sale or lease will be subject.

(2) Priority
If two or more qualified bids in the same amount are received by the institution under paragraph (1), such bids are the highest received, and one of the qualified bids is offered by the previous owner, the institution shall accept the offer by the previous owner.
(3) Nondiscrimination
No institution of the System may discriminate against a previous owner in any public auction, competitive bidding process, or other similar public offering of property acquired by the institution from such person.

**2.** Neither party has cited the court to any cases construing § 2219a and the court's research has failed to reveal any.

bids" are received). The fact that the FLB entered into a series of one-on-one negotiations for sale with members of the public does not convert the ultimate sale, or the preceding negotiations into a "public offering" as defined by statute and, accordingly, the court finds that the facts alleged in counts I and II of the complaint fail to state a claim upon which relief may be granted.

In count IV of the complaint the Merediths allege that the FLB had a duty under the Act to provide them with a notice of their right of first refusal to lease the property, and that as a result of the FLB's failure to provide such notice they suffered a loss of profits. This cause of action is based upon 12 U.S.C. § 2219a(c)(1). Just as the complaint failed to state a claim under § 2219a(d), so it fails to state a claim under subsection (c)(1).

Under § 2219a(c)(1) the FLB must notify the Merediths of the right of first refusal to lease "within 15 days after [the FLB] first elects to lease." It is not alleged, however, that any election to lease was ever made by the FLB, or that the property was in fact ever leased to anyone. There having been no election to lease, no corresponding duty to notify the Merediths of their right of first refusal arises under subsection (c) because election is a statutory prerequisite to the duty. Moreover, even if the FLB had elected to lease, had notified the Merediths of their right of refusal and had received an offer to lease from the Merediths, the FLB still would not have been obligated to grant them a lease if it determined that (1) the Merediths did not have the resources available to conduct a successful farming operation or (2) they could not meet the payments, terms and conditions of the lease. 12 U.S.C. § 2219a(c)(3)(A), (B).

The final count remaining is count III, in which the Merediths allege that they were damaged because the FLB failed to keep the subject property enrolled in certain federal farm programs. This count also fails to state a claim. The only legal or equitable interest in the property that the Merediths may have had are those rights granted under the Agricultural Credit Act—all other rights having been foreclosed in 1985. But the court determined above that the Merediths complaint failed to invoke any of the Act's protections and, therefore, the Merediths have no interest in the property. Moreover, because the Merediths have no interest in the property they cannot be damaged by its devaluation, regardless of whether the FLB was under any duty to maintain the property.

Accordingly, the court finds that the plaintiffs can prove no set of facts under which they would be entitled to relief and that the complaint should be, and is hereby dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.